IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff, v. MARYANN THOMAS, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. CIV-21-1093-SLP |

**O R D E R**

Before the Court is the Amended Motion to Dismiss and Opening Brief in Support [Doc. No. 8] filed by Defendant Maryann Thomas. The matter is fully briefed. *See* Pl.'s Resp. [Doc. No. 9]; Def.'s Reply [Doc. No. 10]. For the reasons set forth below, the Motion is GRANTED.

**I. Background**

This declaratory judgment action stems from a vehicle collision. At the time of the accident, Defendant Thomas and William Goza were riding a motorcycle through an intersection when they were struck by a car. The parties appear to agree that Markie Gray, the driver of the car, was at fault. *See* Compl. [Doc. No. 1] ¶ 12; Pet. [Doc. No. 9-1] ¶ 3.

At the time of the accident, Defendant Thomas held a Personal Liability Protection Policy ("the Liability Policy") through Plaintiff Liberty Mutual Insurance Company.[1] *See* Policy [Doc. No. 1-1]. The Liability Policy provides coverage for personal excess liability,

---

[1] The Liability Policy is Policy No. LJ-1-298-007077-40.

stating that Liberty Mutual "will pay all sums in excess of the retained limit and up to [its] limit of liability for damages because of personal injury or property damage to which this policy applies and for which the insured is legally liable." *Id.* at 8. The Liability Policy contains several exclusions. Relevant to this action, the Liability Policy "does not apply to personal injury or property damage . . . for Uninsured Motorists, Underinsured Motorists, or any other coverage unless these coverages are specifically listed on [the insured's] policy declarations," nor does it apply to "personal injury to any insured." *Id.* at 9.

Following the accident, Defendant Thomas and Mr. Goza filed an action in state court, naming Liberty Mutual, Ms. Gray, and Progressive Direct Insurance Company as defendants. *See Thomas v. Gray*, No. CJ-2021-1112 (Okla. Cnty.). In her claim against Liberty Mutual, Defendant Thomas alleges "she is entitled to recover the policy limits of the coverage provided by her umbrella Uninsured/Underinsured Motorist policy of insurance provided . . . in [the Liability Policy]." *See* Pet. [Doc. No. 9-1] ¶ 8.

About eight months after Ms. Thomas filed the state-court action, Liberty Mutual filed the instant declaratory judgment action in this Court pursuant to 28 U.S.C. § 2201. Liberty Mutual believes the Liability Policy does not provide coverage for Ms. Thomas's accident with Ms. Gray because the policy's exclusions apply. Accordingly, it asks this Court "for a judgment declaring that the [Liability Policy] provides no underinsured motorist coverage or other coverage for any claim by Thomas for damages resulting from the Accident." *See* Compl. [Doc. No. 1] at 5. Defendant Thomas has moved the dismiss this action.

2

## II.     Discussion

As an initial matter, the Court agrees with the parties that it has subject-matter jurisdiction over this action.[2] Nevertheless, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). As the parties agree, the Court's determination is guided by consideration of the following factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). Although the first factor weighs in Liberty Mutual's favor, the other four favor dismissal. Under the facts of this case, the Court finds the third, fourth, and fifth factors carry particular weight.

---

[2] Defendant Thomas clarifies in her Reply that she is not challenging the Court's subject-matter jurisdiction over this action. *See* Reply [Doc. No. 10] ¶ 3. Instead, she asks the Court to exercise its discretion to decline to entertain this action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). Upon review, the Court is satisfied that it has an independent basis for its exercise of subject-matter jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000. *See Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1126 (10th Cir. 2021) ("In an action seeking declaratory relief, the amount in controversy is measured by the value of the object of the litigation." (quotation omitted)).

The first factor considers "whether a declaratory action would settle the controversy." *State Farm Fire & Cas. Ins. Co. v. Jun Shao*, No. 19-CV-0496-CVE-FHM, 2019 WL 6465319, at *3 (N.D. Okla. Dec. 2, 2019) (quoting *Mhoon*, 31 F.3d at 983). Defendant Thomas argues that only a declaratory judgment in favor of Liberty Mutual would settle the controversy in state court. Liberty Mutual disagrees, stating that the declaratory action would determine the core disagreement between the parties: whether Liberty Mutual is required to pay Ms. Thomas under the terms of the policy. *See* Resp. [Doc. No. 9] at 11. A declaratory judgment from this Court would determine whether Defendant Thomas's accident is subject to one of the policy's exclusions. In other words, this Court's ruling "would decide the rights and obligations of the parties, i.e., whether plaintiff was required to pay defendants under the Policy." *Shao*, 2019 WL 6465319, at *3. Plaintiff's sole claim against Liberty Mutual in the state-court action is that her "damages are such that she is entitled to recover the policy limits of the coverage provided . . . in [the Liability Policy]." Pet. [Doc. No. 9-1] ¶ 8. Thus, the Court agrees with Liberty Mutual that the first factor weighs in its favor.

The second factor considers whether the declaratory action "would serve a useful purpose in clarifying the legal relations at issue." *Mhoon*, 31 F.3d at 983 (quotation omitted). Defendant Thomas argues this factor weighs in her favor because Oklahoma state law "provides for declaratory judgment that can be filed independently or within a pending proceeding." Mot. ¶ 17. Liberty Mutual contends that "the mere pendency of the State Court Action does not prohibit [it] from seeking declaratory relief from this Court." Resp. [Doc. No. 9] at 13 (citing cases). But Liberty Mutual's cited cases involve different

4

procedural postures and factual circumstances than the ones presented here. *See Mhoon*, 31 F.3d at 984 (retaining jurisdiction where insurer—which could not have been made party to state-court action—sought declaratory relief as to its duty to defend insured in underlying tort action); *Hartford Fire Ins. Co. v. Gandy Dancer, LLC*, No. CIV–10–0137 JB/RHS, 2011 WL 1336523, at *10 (D.N.M. Mar. 30, 2011) (declining to stay action where insurer sought ruling on duty to indemnify and "federal and state suits [] [we]re neither parallel in substance nor in parties"); *Zurich Specialties London Ltd. v. Lawrence*, No. 06-CV-0593-CVE-FHM, 2007 WL 489229, at *5 (N.D. Okla. Feb. 8, 2007) (declining to stay declaratory action because state-court action concerned insured's potential tortfeasor liability and federal court addressed "the collateral issue of insurance coverage").

In contrast, Ms. Thomas named Liberty Mutual as a defendant in the underlying state-court case and alleged that she is entitled to coverage under the Liability Policy because of the injuries she suffered in her accident with Ms. Gray. *See* Pet. [Doc. No. 9-1] ¶ 8. Liberty Mutual filed this action seeking a ruling that the Liability Policy does not cover the accident with Ms. Gray because one or more exclusions apply to bar coverage. Thus, the issue of coverage under the Liability Policy is already present in the state-court action, and Liberty Mutual can raise its exclusion argument as a defense to Ms. Thomas's claim there. The Court therefore finds that the second factor weighs in Ms. Thomas's favor.

Third, the Court considers "whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata." *Mhoon*, 31 F.3d at 983. Defendant Thomas claims Liberty Mutual is forum shopping

because the state-court action was not removable. Mot. ¶ 18. Liberty Mutual contends it filed this action "not for any improper purpose, but because it has a right to do so pursuant to 28 U.S.C. § 2201." Resp. [Doc. No. 9] at 14. But the circumstances of this case suggest Ms. Thomas is correct. Liberty Mutual is already party to a state-court action in which the coverage issue has been raised. Nevertheless, it asks the federal court to resolve the issue instead. Accordingly, this factor weighs in Ms. Thomas's favor.

Fourth, the Court considers "whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction." *Mhoon*, 31 F.3d at 983. Defendant Thomas contends this "factor weighs mightily in [her] favor" because there is a live dispute in state court. Mot. ¶ 19. The coverage dispute involves a question of state law and was first presented to the state court. Liberty Mutual is party to the state action but seeks resolution by the federal court instead. The Court finds that such a request "improperly encroach[es] upon state jurisdiction." *Mhoon*, 31 F.3d at 983.

Finally, the Court considers "whether there is an alternative remedy which is better or more effective." *Id.* Defendant Thomas argues the "Oklahoma declaratory procedure would be more effective in this case because the state court is also familiar with the underlying facts of the controversy." Mot. [Doc. No. 8] ¶ 20. In contrast, Liberty Mutual claims "the same legal issues are not present in both the State Court Action and this matter" because the underlying case also involves negligence claims against Ms. Gray. Resp. [Doc. No. 9] at 16. Although it is true Ms. Thomas also asserted a negligence claim against Ms. Gray in state court, it appears there is no real question about Ms. Thomas's liability. *See*

6

Compl. [Doc. No. 1] ¶ 12. In any event, Liberty Mutual provides no authority suggesting that the Court should decline jurisdiction over an identical coverage dispute just because the state-law case also includes a negligence claim against the tortfeasor. Because Ms. Thomas already sought coverage against Liberty Mutual in state court, "the issue in the federal declaratory judgment action is identical to what would be a defense to the state court [] action." *Runyon*, 53 F.3d at 1169. Accordingly, this factor weighs in Ms. Thomas's favor. *Cf id.* (affirming district court's refusal to exercise jurisdiction where state action would "necessarily determine rights and obligations under the [insurance] contract").

### III. Conclusion

IT IS THEREFORE ORDERED that Defendant's Amended Motion to Dismiss and Opening Brief in Support [Doc. No. 8] is GRANTED. This action is DISMISSED without prejudice. A separate judgment of dismissal shall be entered contemporaneously with this Order.

IT IS SO ORDERED this 5th day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE